# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
SASHA MARTIN, parent, on behalf
of, A.N.M., a minor (deceased),

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * * * *

No. 15-715V
Special Master Christian J. Moran

Filed: December 13, 2017

Attorneys' fees and costs; waiver

Michael F. Becker, The Becker Law Firm, Elyria, OH, for Petitioner;
Gordon E. Shemin and Justine E. Walters, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Sasha Martin filed a motion for attorneys' fees and costs. Ms. Martin is awarded the full amount of her request, **$51,555.78**.

\* \* \*

Ms. Martin alleged that various vaccinations caused A.N.M. to suffer an encephalopathy that led to her death. The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

awarding Ms. Martin's compensation.  <u>Decision</u>, issued June 23, 2016, 2016 WL 3913464.  With the merits of Ms. Martin's case resolved, the parties addressed attorneys' fees and costs.

Ms. Martin filed an attorneys' fees and costs petition on August 9, 2017, requesting an award for her attorneys in this case and for her attorneys in a related probate matter.  Ms. Martin requested reimbursement for (1) The Becker Law Firm ($22,510.00 in fees and $3,812.78 in costs), for (2) Cory, Meredith, Witter & Smith, LPA ($5,165.00 in fees and $413.74 in costs), and for (3) Fitzgerald, Reese and Van Dyne Company ($19,017.50 in fees and $636.76 in costs).  Ms. Martin did not incur any costs personally.  Pet'r's Mot., Exhibit #16, filed Aug. 9, 2017 (General Order #9 statement).

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed Aug. 18, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  <u>Id</u>. at 3.

This matter is now ripe for adjudication.

*   *   *

Because Ms. Martin received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in <u>Swintosky v. Sec'y of Health & Human Servs.</u>, No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested.  Absent any objections, Ms. Martin's request for attorneys' fees and costs is GRANTED IN FULL:

    **a. A lump sum of $26,322.78 in the form of a check made payable to petitioner and petitioner's attorney, Michael F. Becker of The Becker Law Firm;**

---

[2] In <u>Swintosky</u>, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

   b.  **A lump sum of $5,578.74 in the form of a check made payable to petitioner and petitioner's attorney, Robert M. Meredith of Cory, Meredith, Witter & Smith, LPA; and**

   c.  **A lump sum of $19,654.26 in the form of a check made payable to petitioner and petitioner's attorneys, Mark Van Dyne and Robert Fitzgerald of Fitzgerald, Reese and Van Dyne Company.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

   **IT IS SO ORDERED**.

                                          s/Christian J. Moran
                                          Christian J. Moran
                                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.